**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>CENTRAL GROCERS, INC., *et al.*,<br><br>    Debtors. | Chapter 7<br><br>Case No. 17-13886<br>(Jointly Administered)<br><br>Hon. Janet S. Baer |
| HOWARD B. SAMUELS, solely as chapter 7 trustee of the estates of CENTRAL GROCERS, INC., *et al.*,[1]<br><br>    Plaintiff,<br><br>v.<br><br>JOHN COARI, *et al.*,<br><br>    Defendants. | Adversary No. 19-01011 |

**NOTICE OF TRUSTEE'S SECOND MOTION TO AUTHORIZE**
**(1) APPOINTMENT OF SPECIAL REPRESENTATIVE FOR DECEASED**
**DEFENDANT JOHN REGAS, AND (2) SUBSTITUTION OF SPECIAL**
**REPRESENTATIVE FOR DEFENDANT JOHN REGAS**

**PLEASE TAKE NOTICE** that on **October 21, 2020, at 10:30 a.m.**, or as soon thereafter as counsel may be heard, we will appear before the Honorable Janet S. Baer, United States Bankruptcy Judge, or any other judge sitting in her stead, in Courtroom 615 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and present the **Trustee's Second Motion To Authorize (1) Appointment Of Special Representative For Deceased Defendant John Regas, And (2) Substitution Of Special Representative For Defendant John Regas**, a copy of which is attached.

---

[1] The Debtors in these Chapter 7 cases, along with the last four of each debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).

**This motion will be presented and heard elctronically using Zoom for Government.**

No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password**, The meeting ID for this hearing is 160 731 2971 and the password is 587656. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: September 28, 2020

Respectfully submitted,

/s/ *Leo B. Oppenheimer*
Eric D. Madden (admitted pro hac vice)
J. Benjamin King (admitted pro hac vice)
Leo B. Oppenheimer (admitted pro hac vice)
REID COLLINS & TSAI LLP
1601 Elm Street, 42nd Floor
Dallas, TX 75201
(214) 420-8900 (T)
(214) 420-8909 (F)
emadden@rctlegal.com
bking@rctlegal.com
loppenheimer@rctlegal.com

*Special Litigation Counsel to Howard B. Samuels, Chapter 7 Trustee for the estates of*

*Central Grocers, Inc., Strack and Van Til*
*Super Market, Inc., and SVT, LLC*

## CERTIFICATE OF SERVICE

    Leo B. Oppenheimer, the undersigned attorney, hereby certifies that on September 28, 2020, he caused the foregoing **Notice** and following **Trustee's Second Motion To Authorize (1) Appointment Of Special Representative For Deceased Defendant John Regas, And (2) Substitution Of Special Representative For Defendant John Regas**, to be filed with the Court and served upon the following by the manner listed.

                                                                   /**s**/ *Leo B. Oppenheimer*

**Electronic Mail and U.S. Mail to:**

Robert J. Hennessy
Attorney at Law
10749 Winterset Drive
Orland Park, IL 60467
708-361-0826
rjhatty@hotmail.com

*Counsel for Amalia Corcoran, as Trustee*
*of the John Regas Declaration of Trust*

**Electronic Mail and U.S. Mail to:**

Rosie Regas
Fairplay Foods
8631 W. 95th St.
Hickory Hills, IL 60457
rosie@fairplayfoods.com

3

**Electronic Mail Notice, via the Court's CM/ECF System:**

Leigh D. Roadman
Mason N. Floyd
Clark Hill PLC
130 E. Randolph Street
Suite 3900
Chicago, IL 60601
lroadman@clarkhill.com
mfloyd@clarkhill.com

*Counsel to Defendants John Coari, Anthony Dal Pra, Tony Ingraffia, Maria Kamberos, John Kotara, Frank Kumkoski, Joesph Kumkoski, John Lagestee, Kerry Lavelle, Robert Lee, Alfredo Linares, Kenneth Nemeth, Robertino Presta, James Robertson, and Lavelle Law, Ltd.*

Michael C. Moody
O'Rourke & Moody LLP 55 West Wacker Drive Suite 1400 Chicago, IL 60601
mmoody@orourkellp.com

*Counsel to Defendant John Sullivan*

Richard A. Bixter
Richard Winter
Holland & Knight LLP
131 S. Dearborn St.
Chicago, IL 60606
richard.bixter@hklaw.com
richard.winter@hklaw.com

*Counsel to Defendant John Cortesi*

Adam B. Rome
Zachary Mulcrone
Greiman, Rome & Griesmeyer, LLC
2 North LaSalle Street
Suite 1601
Chicago, IL 60602
arome@grglegal.com
zmulcrone@grglegal.com

*Counsel to Defendant James Dremonas*

Robert Radasevich
Neal Gerber & Eisenberg LLP
Two North LaSalle St Ste 2200
Chicago, IL 60602
rradasevich@nge.com

*Counsel to Timothy Kubis*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**CENTRAL GROCERS, INC.**, *et al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 17-13886<br>**(Jointly Administered)**<br><br>Hon. Janet S. Baer |
| **HOWARD B. SAMUELS, solely as chapter 7 trustee of the estates of CENTRAL GROCERS, INC.**, *et al.*,[2]<br><br>Plaintiff,<br><br>v.<br><br>**JOHN COARI**, *et al.*,<br><br>Defendants. | Adversary No. 19-01011 |

**TRUSTEE'S SECOND MOTION TO AUTHORIZE (1) APPOINTMENT OF SPECIAL REPRESENTATIVE FOR DECEASED DEFENDANT JOHN REGAS, AND (2) SUBSTITUTION OF SPECIAL REPRESENTATIVE FOR DEFENDANT JOHN REGAS**

Howard B. Samuels (the "Trustee"), solely in his capacity as Chapter 7 trustee for the bankruptcy estates of Central Grocers, Inc. ("CGI"), Strack and Van Til Super Market, Inc. ("Strack"), and SVT, LLC ("SVT) (collectively, the "Debtors"), pursuant to Federal Rule of Bankruptcy Procedure 7025, hereby files this Second Motion to Authorize (1) Appointment of Special Representative for Deceased Defendant John Regas, and (2) Substitution of Special Representative for Defendant John Regas. More specifically the Trustee requests that the Court

---

[2] The Debtors in these Chapter 7 cases, along with the last four of each debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).

appoint Rosie Regas as special representative of John Regas (now deceased) and substitute Ms. Regas as a defendant in this adversary proceeding in the place of Mr. Regas.

## BACKGROUND

1. The Trustee filed this action on November 19, 2019. *See* Trustee's Original Complaint [Dkt. 1] (the "Complaint"). Through the Complaint, the Trustee claims, among other things, that CGI's former directors breached their fiduciary duties to CGI. The Trustee named John P. Regas, who served on CGI's Board of Directors from at least January 2014 to April 2017, as a defendant in the Complaint.

2. Mr. Regas passed away on March 9, 2020. *See* Ex. A, Obituary of John Regas. Counsel for Mr. Regas informed the Trustee of this fact on Marcy 23, 2020. *See* Ex. B, March 23, 2020 email from Leigh Roadman to Ben King.

3. On June 2, 2020, counsel for Mr. Regas informed the Trustee that Amalia Corcoran was the executor of Mr. Regas' estate. *See* Ex. B., June 2, 2020, Email from L. Roadman to B. King. On July 6, 2020, the Trustee moved the Court for substitution of Ms. Corcoran as a defendant in this adversary proceeding, based on the Trustee's understanding that Ms. Corcoran was executor for Mr. Regas' probate estate. *See* Motion to Substitute Executor of Estate of Defendant John Regas [Dkt. 135] (the "Corcoran Motion").

4. At a July 16, 2020, hearing before this Court, counsel for Mr. Regas informed the Court and the Trustee that no probate estate had actually been opened for Mr. Regas. The Court then determined to carry the Corcoran Motion forward to the next omnibus hearing date.

5. After the July 2020 hearing, the Trustee learned that Mr. Regas created a trust long before his death. *See* Ex. C, July 27, 2020 Certification of Trust. Ms. Corcoran is the trustee of the Regas trust. *See id.* According to the Certification of Trust provided by Ms. Corcoran's

2

counsel, the Regas trust is now irrevocable. *See id.* Ms. Corcoran's counsel has orally informed counsel for the Trustee that all or substantially all of Mr. Regas' assets were transferred to the Regas trust, and he confirmed that no probate estate for Mr. Regas has been opened.

6. On September 9, 2020, the Trustee filed his Motion to Authorize (1) Appointment of Special Representative for Deceased Defendant John Regas, and (2) Substitution of Special Representative for Defendant John Regas [Dkt. 157] (the "Roadman Motion"). By the Roadman Motion, the Trustee sought to have Leigh Roadman—formerly counsel for Mr. Regas and current counsel for several remaining defendants—named special representative for Mr. Regas.

7. On September 11, 2020, Mr. Roadman contacted counsel for the Trustee, asking whether the Trustee would be amenable to substituting someone other than Mr. Roadman as special representative for Mr. Regas. Counsel for the Trustee said the Trustee may be so amenable, if Mr. Roadman could find a suitable substitute.

8. On September 22-23, 2020, Mr. Roadman informed counsel for the Trustee that Mr. Regas's daughter, Rosie Regas, would be willing to stand as the special representative for Mr. Regas, instead of Mr. Roadman. Mr. Roadman would then represent Ms. Regas. Mr. Roadman needed approval from his other clients in this action to represent Ms. Regas.

9. On September 25, 2020, Mr. Roadman informed counsel for the Trustee that none of his clients had objected to his serving in Ms. Regas's counsel in this matter.

10. Contemporaneously with the filing of the instant motion seeking appointment of Ms. Regas as special representative, the Trustee is withdrawing the Corcoran Motion and the Roadman Motion.

# ARGUMENT

11. Federal Rule of Civil Procedure ("FRCP") 25(a)(1), made applicable to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7025, provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Mr. Regas' death did not extinguish the Trustee's claims against him, and Rosie Regas is a proper party to substitute for Mr. Regas.

## A.      Mr. Regas' Death Did Not Extinguish the Trustee's Claims

12. Where the claim at issue is a state law claim, state law governs whether the death of a party extinguishes the claim. *See Saleh v. Merchant,* No. 14-CV-09186, 2017 WL 147800, at *5 (N.D. Ill. April 25, 2017).[3] The primary claims alleged against Mr. Regas are Illinois breach of fiduciary duty claims and a claim for authorization of an improper shareholder dividend.[4]

13. 75 ILCS 5/27-6 defines the actions under Illinois law that survive the death of either party. Those actions include "actions to recover damages for an injury to real or personal property." A breach of fiduciary duty action is one to recover for damage to personal property. *See White v. Richert,* Case No. 15 C 8185, 2018 WL 410512, at *6 (N.D. Ill. Aug. 28, 2018) (applying five-year statute of limitations for "injury done to property, real or personal" to breach of fiduciary duty claim).[5] *See also Bruccoleri v. Gangemi,* 17-CV-7443, 2019 WL 499769, at *7 (E.D.N.Y. Feb 8, 2019) (holding that breach of fiduciary duty claim under New York law did not

---

[3] *See also Anderson v. Romero*, 42 F.3d 1121, 1123 (7th Cir. 1994) (applying Illinois state law to determine the proper party for substitution under the appellate analogue to FRCP 25(a)); *Tamburo v. Dworkin*, 04 C 3317, 2012 WL 104545, at *3 (N.D. Ill. Jan. 11, 2012) (applying Illinois state law to determine the proper party for substitution under FRCP 25(a)).

[4] The Trustee has also alleged claims for equitable subordination of, and objection to, a $1500 claim scheduled by CGI on Mr. Regas's behalf.

[5] Actions falling within the ambit of those to recover "personal property" include tortious interference with an employment contract. *Stafford v. Purofied Down Prods. Corp.*, 801 F. Supp. 130, 139 (N.D. Ill. 1992).

expire upon the death of the defendant; the New York survival statute, similar to Illinois', provided that causes of action for "for injury to person or property" survived).

14. 75 ILCS 5/27-6 further provides that "actions which survive by the common law" continue to survive, and prior to the enactment of the statute, the Seventh Circuit held that, under Illinois law, an action against a corporate director for assenting to the issuance of an improper dividend survived the death of the director. *See Aiken v. Peabody,* 168 F.2d 615, 617 (7th Cir. 1947). The Trustee's claims against Mr. Regas include common law and statutory claims arising out of Mr. Regas' vote in favor of CGI's issuance of an improper dividend.

**B.   Rosie Regas Is a Proper Party to Substitute for Mr. Regas**

15. Under Illinois law, "[i]f a person against whom an action has been brought dies . . . his or her personal representative shall be substituted as a party." 735 ILCS 5/2-1008(b)(2). The personal representative "will ordinarily be the executor or administrator of the deceased [party's] estate." *Anderson* 42 F.3d at 1122. However, as the parties have learned, no probate estate has been opened for Mr. Regas, and thus there is no executor or administrator of his estate.

16. 735 ILCS 5/2-1008(b)(2) provides for the appointment of a "special representative" in situations where, as here, no probate estate has been opened for a defendant who dies during the course of an existing litigation. In such cases, the plaintiff's recovery with respect to the deceased party is limited to the liability insurance covering the alleged misconduct. 735 ILCS 5/2-1008(b)(2) provides as follows:

> If a person against whom an action has been brought dies, and the cause of action survives and is not otherwise barred, his or her personal representative shall be substituted as a party. If no petition has been filed for letters of office for the deceased's estate, the court, upon the motion of a person bringing an action and after the notice to the party's heirs or legatees as the court directs and without opening an estate, may appoint a special representative for the deceased party for the purposes of defending the action. If a party elects to have a special representative appointed under this paragraph (2), the recovery

> shall be limited to the proceeds of any liability insurance protecting the estate and shall not bar the estate from enforcing any claims that might have been available to it as counterclaims.

17. The Court should appoint Ms. Regas as "special representative" of Mr. Regas pursuant to 735 ILCS 5/2-1008(b)(2). First, as discussed above, the Trustee's claims against Mr. Regas survive Mr. Regas's death. Second, no probate estate has been opened, and it does not appear that one will be opened. Third, given that Mr. Regas has died and transferred his assets to a trust, the Trustee will agree to seek recovery against Mr. Regas to the extent his liability is covered by insurance.[6]

18. Fourth, Ms. Regas is the proper person to serve as special representative of Mr. Regas's interests. Ms. Regas is Mr. Regas's daughter and is currently an executive at Mr. Regas's grocery stores.

19. This situation is much like that encountered by the District Court in *Tucker v. Mitchell-Lawshea, D.D.S.,* No. 17-CV-05883, 2019 WL 1057384 (N.D. Ill. March 6, 2019). There, the plaintiff filed suit against several defendants, including Frederick A. Craig. *Id.* at *1. Defendant Craig died while the suit was pending. *Id.* Plaintiff learned that no probate estate for Craig was opened or expected to be opened. *Id.* Plaintiff moved for appointment of a special representative pursuant to 735 ILCS 5/2-1008(b)(2) to represent Craig's interests to the extent of Craig's liability insurance. *Id.* at *1-2. The District Court granted the motion and made Craig's former counsel the special representative of Craig's interests. *Id.* at *5. The District Court further gave the insurance carrier the opportunity to find an alternative special representative, in the event Craig's counsel objected to the appointment. *Id.*

---

[6] To be clear, this limitation does not apply to the Trustee's claims against the other defendants in this action.

6

20. After the District Court in *Tucker* appointed Craig's counsel as special representative, the parties subsequently agreed that a family relative of Craig would serve as special representative, rather than Craig's former counsel. The *Tucker* court then appointed this relative, rather than Craig's counsel. *See* Order, *Tucker v. Mitchell-Lawshea, D.D.S.,* No. 17-CV-05883 (N.D. Ill. March 13, 2019) (Ex. D).[7] The Trustee seeks the same relief here.

21. Fifth, the Trustee has provided adequate notice to Mr. Regas's "heirs or legatees" that it seeks the appointment of a special representative. The Trustee's counsel has noticed Mr. Roadman (who the Trustee understands will represent Ms. Regas), Ms. Regas directly, and Ms. Corcoran's counsel with notice of this motion and notice of the hearing on the motion. All or substantially all of Mr. Regas's assets have been transferred to the Regas trust, of which Ms. Corcoran is trustee. Moreover, under 735 ILCS 5/2-1008(b)(2), the Trustee's recovery against Mr. Regas is limited to the proceeds of any liability insurance protecting his estate. Thus, the appointment of a special representative shall have no impact on any of Mr. Regas's heirs or legatees because the Trustee cannot recover against them personally.

## CONCLUSION

Accordingly, the Trustee respectfully requests that the Court enter an order (1) appointing Ms. Regas as special representative for Mr. Regas's estate for the purpose of defending this case; and (2) substituting Ms. Regas, in her capacity as special representative for Mr. Regas, as a defendant in this action.

---

[7] *See also Anderson v. Romero*, 42 F.3d at 1125 (appointing deceased party's former attorney as special representative for purposes of defending appeal).

7

Dated: September 28, 2020

Respectfully submitted,

/s/Leo B. Oppenheimer
Eric D. Madden (admitted *pro hac vice*)
J. Benjamin King (admitted *pro hac vice*)
Leo B. Oppenheimer (admitted *pro hac vice*)
REID COLLINS & TSAI LLP
1601 Elm Street, Suite 4200
Dallas, TX 75201
(214) 420-8900 (T)
(214) 420-8909 (F)
emadden@reidcollins.com
bking@reidcollins.com
loppenheimer@reidcollins.com

*Special Litigation Counsel to Howard B. Samuels, Chapter 7 Trustee for the Estates of Central Grocers, Inc., Strack and Van Til Super Market, Inc., and SVT, LLC*

8