# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| CENTRAL GROCERS, INC., *et al.*, | Case No. 17-13886 (Jointly Administered) |
| Debtors. | Hon. Janet S. Baer |
| HOWARD B. SAMUELS, solely as chapter 7 trustee of the estates of CENTRAL GROCERS, INC., *et al.*,[1] | |
| Plaintiff, | |
| v. | Adversary No. 19-01011 |
| JOHN COARI, *et al.*, | |
| Defendants. | |

### NOTICE OF TRUSTEE'S MOTION TO EXTEND TIME
### TO SUBSTITUTE FOR DECEASED PARTY FRANK KUMKOSKI

**PLEASE TAKE NOTICE** that on **August 18, 2021, at 2:00 p.m.**, or as soon thereafter as counsel may be heard, we will appear before the Honorable Janet S. Baer, United States Bankruptcy Judge, or any other judge sitting in her stead, in Courtroom 615 in the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and present the **Trustee's Motion to Extend Time to Substitute for Deceased Party Frank Kumkoski**, a copy of which is attached.

---

[1] The Debtors in these Chapter 7 cases, along with the last four of each debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).

**This motion will be presented and heard electronically using Zoom Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is 160 731 2971 and the password is 587656. The meeting ID and password can also be found on the judge's page on the court's website.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: August 11, 2021

Respectfully submitted,

/s/ *Leo B. Oppenheimer*
Eric D. Madden (admitted pro hac vice)
J. Benjamin King (admitted pro hac vice)
Leo B. Oppenheimer (admitted pro hac vice)
REID COLLINS & TSAI LLP
1601 Elm Street, 42nd Floor
Dallas, TX 75201
(214) 420-8900 (T)
(214) 420-8909 (F)
emadden@rctlegal.com
bking@rctlegal.com
loppenheimer@rctlegal.com
*Special Litigation Counsel to Howard B. Samuels, Chapter 7 Trustee for the estates of Central Grocers, Inc., Strack and Van Til Super Market, Inc., and SVT, LLC*

## CERTIFICATE OF SERVICE

  Leo B. Oppenheimer, the undersigned attorney, hereby certifies that on August 11, 2021, he caused the foregoing **Notice** and following **Trustee's Motion to Extend Time to Substitute for Deceased Party Frank Kumkoski**, to be filed with the Court and served upon the following by the manner listed.

                  /**s**/ *Leo B. Oppenheimer*

**Electronic Mail Notice, via the Court's CM/ECF System:**

Leigh D. Roadman
Mason N. Floyd
Clark Hill PLC
130 E. Randolph Street
Suite 3900
Chicago, IL 60601
lroadman@clarkhill.com
mfloyd@clarkhill.com

*Counsel to Defendants John Coari, Anthony Dal Pra, Tony Ingraffia, Maria Kamberos, John Kotara, Frank Kumkoski, Joesph Kumkoski, John Lagestee, Kerry Lavelle, Robert Lee, Alfredo Linares, Kenneth Nemeth, Robertino Presta, James Robertson, and Lavelle Law, Ltd.*

Michael C. Moody
O'Rourke & Moody LLP
55 West Wacker Drive
Suite 1400
Chicago, IL 60601
mmoody@orourkellp.com

*Counsel to June Sullivan and Defendant John Sullivan*

Richard A. Bixter
Richard Winter
Holland & Knight LLP
131 S. Dearborn St.
Chicago, IL 60606
richard.bixter@hklaw.com
richard.winter@hklaw.com

*Counsel to Defendant John Cortesi*

Adam B. Rome
Zachary Mulcrone
Greiman, Rome & Griesmeyer, LLC
205 West Randolph St.
Suite 2300
Chicago, IL 60606
arome@grglegal.com
zmulcrone@grglegal.com

*Counsel to Defendant James Dremonas*

Robert Radasevich
Neal Gerber & Eisenberg LLP
Two North LaSalle St Ste 2200
Chicago, IL 60602
rradasevich@nge.com

*Counsel to Timothy Kubis*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| CENTRAL GROCERS, INC., *et al.*, | Case No. 17-13886 (Jointly Administered) |
| Debtors. | Hon. Janet S. Baer |
| HOWARD B. SAMUELS, solely as chapter 7 trustee of the estates of CENTRAL GROCERS, INC., *et al.*,[1] | |
| Plaintiff, | |
| v. | Adversary No. 19-01011 |
| JOHN COARI, *et al.*, | |
| Defendants. | |

## TRUSTEE'S MOTION TO EXTEND TIME
## TO SUBSTITUTE FOR DECEASED PARTY FRANK KUMKOSKI

Howard B. Samuels (the "Trustee"), solely in his capacity as Chapter 7 trustee for the bankruptcy estates of Central Grocers, Inc., Strack and Van Til Super Market, Inc., and SVT, LLC (collectively, the "Debtors"), hereby files this Motion to Extend Time to Substitute for Deceased Party Frank Kumkoski (the "Motion").

### BACKGROUND

1. In this adversary proceeding, the Trustee seeks, among other things, to avoid a stock redemption payment made to defendant Frank Kumkoski. The Trustee has asserted claims pursuant to 11 U.SC. § 548(a)(1)(b) and the Illinois Uniform Fraudulent Transfer Act.

---

[1] The Debtors in these Chapter 7 cases, along with the last four of each debtor's federal tax identification number, as applicable, are Central Grocers, Inc. (3170), Strack and Van Til Super Market, Inc. (2184), and SVT, LLC (1185).

2. On May 18, 2021, counsel for Mr. Kumkoski notified the Trustee via email that Mr. Kumkoski had passed away. Counsel for Mr. Kumkoski further informed the Trustee that Mr. Kumkoski's estate would not be submitted to probate.

3. As of the date of this motion, a suggestion of death regarding Mr. Kumkoski has not yet been filed in this adversary proceeding.

4. In an abundance of caution, the Trustee brings this motion to extend the time by which he must move to substitute a party for Mr. Kumkoski by 90 days to November 16, 2021. The parties are currently engaged in productive settlement discussions, and such an extension will enable them to complete that process and obtain Court approval. Should settlement negotiations fail, the extension will supply sufficient time for the Trustee to initiate an involuntary probate proceeding, identify the appropriate party to substitute, and accomplish service on that party.

## BASIS FOR RELIEF

5. Federal Rule of Civil Procedure ("Rule") 25(a)(1), made applicable to this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7025, provides that "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Rule 25(a)(1) further provides that, "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Illinois law also imposes a 90-day period to substitute a representative for a deceased party. 735 ILCS 5/2-1008 ("If a motion to substitute is not filed within 90 days after the death is suggested of record, the action may be dismissed as to the deceased party.").

6. Federal Rule of Bankruptcy Procedure 9006(b)(1) provides, subject to certain exceptions not applicable here, that "when an act is required or allowed to be done at or within a

specified period by these rules…the court for cause shown may at any time in its discretion [] with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed….." Illinois law similarly provides that, "[o]n good cause shown, in the discretion of the court and on just terms, additional time may be granted for the doing of any act or the taking of any step or proceeding prior to judgment." 735 ILCS 5/2-1007.

## ARGUMENT

**A.      Mr. Kumoski's Death Did Not Extinguish the Trustee's Claims.**

7.      The Trustee's claims against Mr. Kumkoski pursuant to 11 U.SC. § 548 and the Illinois Uniform Fraudulent Transfer Act are remedial in nature and, therefore, survive Mr. Kumkoski's death. *See Butler v. Anderson (In re C.R. Stone Concrete Contractors, Inc.)*, 462 B.R. 6, 27 (Bankr. D. Mass. 2011) (death does not extinguish section 548 claims); *Flow Cap. Corp. v. BESH Holding Corp.*, No. 17 CV 810, 2020 WL 6149568, at *8 (N.D. Ill. Oct. 20, 2020) (death does not extinguish UFTA claims).

**B.      The Motion is Timely.**

8.      The Trustee contends that the 90-day period to substitute a party has not yet begun because a suggestion of death noticing Mr. Kumkoski's death has not been filed.[2] *See, e.g.*, *Coleman v. Ghebremehari*, No. 19-CV-1244-JPG, 2020 WL 980234, at *1 (S.D. Ill. Feb. 28, 2020) (on reconsideration, vacating order dismissing case under Rule 25 for failure to substitute where a suggestion of death had not been filed) (citing *Grandbouche v. Lovell*, 913 F.2d 835, 836-37 (10th Cir. 1990) ("The running of the ninety-day limitations period under Rule 25(a)(1) is not triggered unless a formal suggestion of death is made on the record, regardless of whether the parties have

---

[2] The Trustee does not intend that this Motion serve as a suggestion of death.

knowledge of a party's death.")); *Wolinsky v. Kadison*, 2013 IL App (1st) 111186, ¶ 84, 987 N.E.2d 971, 987 ("The 90–day period under section 2–1008(b)(2) is not triggered by the plaintiff's knowledge of a defendant's death but by a formal notice to the court of the defendant's death.").

9.  Nevertheless, in an abundance of caution, the Trustee brings this motion to extend the period to substitute a party for Mr. Kumkoski. The Trustee first learned of Mr. Kumkoski's death via email on May 18, 2021. Ninety days after May 18, 2021, is August 16, 2021. Thus, the Trustee's motion is timely even if the informal email about Mr. Kumkoski's death constitutes sufficient notice.

**C.    Good Cause Exists for the Extension.**

10. Good cause exists for the 90-day extension because it will enable the parties to complete settlement negotiations without incurring the time and expense of opening an involuntary probate estate against Mr. Kumkoski and then moving to substitute the executor of that estate as a party to this proceeding. Should settlement negotiations fail, the extension will provide the Trustee sufficient time to navigate the involuntary probate process in Illinois state court, identify a mutually agreeable party to substitute for Mr. Kumkoski, and timely effectuate the notice required by Rule 25 and 735 ILCS 5/2-1008.

## **PRAYER**

11. The Trustee respectfully requests that the Court enter an order, substantially in the form of the proposed order submitted herewith, setting November 16, 2021, as the deadline by which the Trustee must move to substitute a party for deceased defendant Frank Kumkoski.

Dated: August 11, 2021                             Respectfully submitted,

                                            */s/ Leo B. Oppenheimer*
                                            Eric D. Madden (admitted *pro hac vice*)
                                            J. Benjamin King (admitted *pro hac vice*)

7

Leo B. Oppenheimer (admitted *pro hac vice*)
REID COLLINS & TSAI LLP
1601 Elm Street, Suite 4200
Dallas, TX 75201
(214) 420-8900 (T)
(214) 420-8909 (F)
emadden@reidcollins.com
bking@reidcollins.com
loppenheimer@reidcollins.com

*Special Litigation Counsel to Howard B. Samuels, Chapter 7 Trustee for the Estates of Central Grocers, Inc., Strack and Van Til Super Market, Inc., and SVT, LLC*

-and-

Michael M. Eidelman
William W. Thorsness
Michael D. Leifman
VEDDER PRICE P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601
(312) 609-7500 (T)
(312) 609-5005 (F)
meidelman@vedderprice.com
wthorsness@vedderprice.com
mleifman@vedderprice.com

*Counsel to Howard B. Samuels, Chapter 7 Trustee for the Estates of Central Grocers, Inc., Strack and Van Til Super Market, Inc., and SVT, LLC*